United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ines Garcia, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-24220-Civ-Scola |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

### Order Adopting Magistrate's Report and Recommendation

This matter was referred to United States Magistrate Judge Edwin G. Torres for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. (ECF No. 2.) Judge Torres issued a report, recommending that the Court deny Plaintiff Ines Garcia's motion for summary judgment (ECF No. 21), grant Defendant Andrew Saul, Acting Commissioner of the Social Security Administration's motion for summary judgment (ECF No. 22), and affirm the administrative law judge's ("ALJ") unfavorable decision. (Report, ECF No. 25.) Garcia filed objections (ECF No. 26) to which the Commissioner responded (ECF No. 27). After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Torres's report and recommendation (**ECF No. 25**), **denies** Garcia's motion for summary judgment (**ECF No. 21**), and **grants** the Commissioner's motion for summary judgment (**ECF No. 22**).

Irrespective of Garcia's objections, the Court has conducted a de novo review of the entire record and the report and recommendations in this case. The Court agrees with all of Judge Torres's findings and conclusions: the ALJ's assigning of partial weight to the opinions of two physicians does not constitute reversible error; the ALJ's residual functioning capacity ("RFC") was supported by substantial evidence; and the ALJ properly concluded that Garcia's subjective complaints were inconsistent with her testimony and the medical record.

Garcia first complains that the ALJ erred in discounting the opinions of Dr. Roumeh Iordanov and Dr. Ramon Martinez because she failed to articulate "a single reason" for doing so. (ECF No. 26 a 3). This argument, as Judge Torres found, is contradicted by the ALJ's opinion, which states that both opinions were assigned partial weight because they were inconsistent with the medical evidence in the record cited in the ALJ's RFC analysis. *John Dixon Walker, Jr. v. Social Security Administration, Commissioner*, No. 19-15039, 2021 WL 503280, at *3, *4 (11th Cir. Feb. 11, 2021) (recognizing that a medical source's opinion that a claimant is unable to work is not dispositive of a

disability claim because that determination is reserved for the ALJ and affirming the ALJ's assignment of little weight to medical opinion because it conflicted with other medical evidence in the record). As she did before Judge Torres, the Plaintiff argues that the ALJ erred in discounting the opinions as unsupported by objective evidence because evidence is often lacking in fibromyalgia cases. This argument is misplaced because the ALJ did not discount the opinions as unsupported by objective evidence, rather, the ALJ assigned partial weight to the opinions because the opinions were inconsistent with a plethora of medical treatment notes and assessments in the record. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The Plaintiff's second objection challenges Judge Torres's recommendation that substantial evidence supports the ALJ's RFC finding. The Court agrees with Judge Torres's recommendation. The ALJ considered treatment notes in the record from various providers which indicated that the Plaintiff's treatment was generally conservative, and her medical records indicated benign or mild findings. *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 861 (11th Cir. 2017) (recognizing that a physician's conservative treatment suggests that the plaintiff's impairments were not so severe as to preclude her from any job duties). The ALJ's RFC finding is also supported by evidence that a reported nodule was benign, physical examinations were consistently within a normal range, and that the Plaintiff reported some improvement to her symptoms. The ALJ also relied on the opinions of Dr. Marie Adam and Dr. Thomas Renny which were consistent with the record evidence. As discussed above, the ALJ also considered the opinions of Dr. Iordanov and Dr Martinez, although she assigned partial weight because they were inconsistent with a large body of records. And while the Plaintiff itemizes a laundry list of various reported symptoms, diagnoses and clinical findings, nowhere does she specify a physician's particular finding of limitation that is that contradicts the ALJ's assessment.

Lastly, the Plaintiff complains that the ALJ erred in assessing the Plaintiff's subjective complaints. Again, the Court has carefully reviewed Judge Torres's evaluation of the ALJ's assessment and agrees that the ALJ did not err in finding that the Plaintiff's statements about the limiting effects of her symptoms were inconsistent with the record evidence. Indeed, the Plaintiff's testimony that her symptoms were severely limiting is inconsistent with normal physical examinations, as well as her testimony that she could perform chair aerobics and go on walks.

Accordingly, the Court **adopts** Judge Torres's report and recommendation (**ECF No. 25**), **denies** Garcia's motion for summary judgment

(**ECF No. 21**), and **grants** the Commissioner's motion for summary judgment (**ECF No. 22**).

**Done and ordered** at Miami, Florida, on February 11, 2021.

_____
Robert N. Scola, Jr.
United States District Judge